UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 09-10440-GAO

|  |  |
|---|---|
| JESUS ARIAS,<br><br>    Plaintiff<br><br>v.<br><br>MAREN ENGINEERING CORP.,<br>BALERS AND STUFF, INC.,<br>FLOM CORPORATION,<br>LEONARD DELL RHODES, and<br>BARRACUDA CONSULTING, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF'S FOURTH AMENDED COMPLAINT**

### **Preliminary Statement**

On May 8, 2007 Plaintiff Jesus Arias lost his right arm when it was crushed by a Maren 36" Floor Sweep Shredder while he was attempting to clear a paper jam.  Plaintiff now seeks to recover from Defendants Maren Engineering Corp., as designer and manufacturer of the subject shredder;  Balers and Stuff, Inc., and Flom Corporation , as sellers of the subject shredder; and Defendants Leonard Dell Rhodes and Barracuda Consulting, Inc., as installers, for the Defendants' negligence and breaches of warranty of merchantability and fitness.

### **Parties**

1. The plaintiff, Jesus Arias, ("Arias"), is a resident of the Commonwealth of Massachusetts who resides in Lawrence, Essex County, MA, 01841.

2. The defendant, Maren Engineering Corporation ("Maren"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located at 111 West Taft Drive, South Holland, Illinois, 60473.

3. Defendant BALERS AND STUFF, INC. ("Balers and Stuff") is a duly organized corporation with a principal place of business in Laurel, MD.

4. Defendant FLOM CORPORATION ("Flom") is a duly organized corporation, with a principal place of business in Laurel, MD.

5. All Defendants herein have conducted substantial business in the Commonwealth of Massachusetts, and have committed either tortious acts and/or breaches of warranty in Massachusetts.

## Facts Common to all Counts

6. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

7. The Plaintiff, Arias, was at all times relevant and material hereto, employed by Century Box Company.

8. Defendant Maren, acting in conjunction with Defendant Balers and Stuff and Flom Corporation, designed, manufactured, distributed, sold, installed and/or otherwise caused to be installed, the product at issue in this case, the *Maren 36" Floor Sweep Shredder, Serial No. 02263* (the "Shredder").

9. Maren is, and was at all times relevant and material hereto, in the business of designing, manufacturing, distributing, selling and/or installing Shredders.

10. Balers and Stuff, at all times relevant and material hereto, was and is in the business of designing, manufacturing, distributing, selling and/or installing paper recycling and disposal systems, including but not limited to distributing, selling, and/or installing Shredders.

11. Flom Corporation is engaged in the business of providing consulting Wastepaper producers regarding the creation and implementation of procedures, systems and equipment for the efficient salvaging, accumulation and baling of wastepaper, and the resale of such products, as well as providing machinery, equipment and systems relating thereto.

12. Upon information and belief, Defendant Maren advised, suggested and/or otherwise sold the Shredder at issue in this case to the Plaintiff's Employer, Century Box Company.

13. Upon information and belief, Defendant Balers and Stuff advised, suggested and/or otherwise sold the Shredder at issue in this case to the Plaintiff's Employer, Century Box Company.

14. Upon information and belief, Defendant Flom Corporation advised, suggested and/or otherwise sold the Shredder at issue in this case to the Plaintiff's Employer, Century Box Company.

15. Upon information and belief, Maren, Balers and Stuff and Flom had reason to know that Century Box required a machine for the particular purpose of shredding cardboard boxes; knew or had reason to know that the Century Box Company was, at all times material hereto, relying on Defendants Maren, Balers and Stuff, and Flom, their agents, servants or employees skill or judgment to furnish an appropriate machine for that purpose; and in fact knew that the Century Box Company, and/or its

16. On or about May 8, 2007, the Shredder was properly maintained and was substantially in the same condition as when sold and installed at all times relevant.

17. On or about May 8, 2007 Arias was asked by a fellow employee to perform a repair on the Shredder.

18. When Arias initially encountered the Shredder, the top cover was unattached, and the arbor, and its shredding blades, were exposed.

19. During Arias' attempt to repair the subject machine, Arias' right hand and arm came into contact with a rotating arbor inside the subject Shredder, causing amputation of his right, dominant arm.

20. As a result of that injury, the plaintiff, Arias, has incurred lost wages and medical expenses, and will continue to incur the same. The plaintiff suffered and continues to suffer extreme emotional and physical pain, and is permanently disabled and disfigured and unable to work.

21. At the time of the accident, the plaintiff, Arias, was a reasonably foreseeable user and was using the Shredder in a reasonably foreseeable manner.

**COUNT I**
**(Negligence – Maren Engineering Corp.)**

22. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

23. Defendant Maren, as manufacturer, designer, seller and/or installer of the subject shredder, had a duty to design, manufacture, and sell a Shredder that did not create an unreasonable risk of injury.

24. The Shredder designed, manufactured, distributed, and sold by the defendant was unreasonably and negligently designed and/or manufactured in such a way that a user's hand or arm could come into contact with a moving arbor, in breach of Maren's duty.

25. The plaintiff was, at all times material hereto, using the Shredder in both a reasonable and foreseeable manner, and did not otherwise contribute to his injury.

26. As a direct and proximate result of the defendant Maen's negligence, the plaintiff suffered the above-described injuries, as described in paragraph 19, above.

### COUNT II
### (Negligence -- Balers and Stuff)

27. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

28. Defendant Balers and Stuff, as manufacturer, designer, seller and/or installer of the subject shredder and/or recycling system, had a duty to design, manufacture, sell and/or install a Shredder that did not create an unreasonable risk of injury.

29. The Shredder designed, manufactured, distributed, and sold by the defendant was unreasonably and negligently designed and/or

30. The plaintiff was, at all times material hereto, using the Shredder in both a reasonable and foreseeable manner, and did not otherwise contribute to his injury.

31. As a direct and proximate result of Balers and Stuff's negligence, the plaintiff suffered the above-described injuries, as described in paragraph 19, above.

## COUNT III
### (Negligence – Flom Corporation)

32. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

33. Defendant Flom Corporation, as manufacturer, designer, seller and/or installer of the subject shredder and/or recycling system, had a duty to design, manufacture, sell and/or install a Shredder that did not create an unreasonable risk of injury.

34. The Shredder designed, manufactured, distributed, and sold by the defendant was unreasonably and negligently designed and/or manufactured in such a way that a user's hand or arm could come into contact with a moving arbor, in breach of Flom's duty.

35. The plaintiff was, at all times material hereto, using the Shredder in both a reasonable and foreseeable manner, and did not otherwise contribute to his injury.

36. As a direct and proximate result of Flom's negligence, the plaintiff suffered the above-described injuries, as described in paragraph 19, above.

## COUNT IV
### (Breach of Warranty – Maren Engineering)

37. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

38. Defendant Maren, at all times material to this complaint, was and is a merchant within the meaning of G.L. c. 106 §2-101 *et seq.*, and its marketing and sale of the aforementioned Shredder constituted a sale of goods within the meaning of that statute.

39. In providing to the aforementioned Shredder to Century Box, Plaintiff's employer, Defendant expressly and/or impliedly warranted that the system was merchantable; safe to use; was not unreasonably dangerous to use; and was fit for the purpose for which it was intended.

40. As stated above, the aforesaid Shredder was defective; unreasonably dangerous, unsafe to use, and was not fit for its intended purpose, and caused the Plaintiff injury.

41. Defendant Maren's actions and failures to act breached the warranties described in paragraph 19, above, resulting in Plaintiff's injuries.

## COUNT V
### (Breach of Warranty – Balers and Stuff)

42. The plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

43. Defendant Balers and Stuff, at all times material to this complaint, was and is a merchant within the meaning of G.L. c. 106 §2-101 *et seq.*, and its marketing and sale of the aforementioned Shredder constituted a sale of goods within the meaning of that statute.

44. In providing the aforementioned Shredder to Century Box, Plaintiff's employer, Defendant Balers and Stuff expressly and/or impliedly warranted that the Shredder and recycling system was merchantable; safe to use; was not unreasonably dangerous to use; and was fit for the purpose for which it was intended.

45. As stated above, the aforesaid Shredder was defective; unreasonably dangerous, unsafe to use, and was not fit for its intended purpose, and caused the Plaintiff injury.

46. Defendant Balers and Stuff's actions and failures to act breached the warranties described in paragraph 15, above, resulting in Plaintiff's injuries.

### COUNT VI
**(Breach of Warranty – Flom Corporation)**

47. The plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

48. Defendant Flom, at all times material to this complaint, was and is a merchant within the meaning of G.L. c. 106 §2-101 *et seq.*, and its marketing and sale of the aforementioned Shredder constituted a sale of goods within the meaning of that statute.

49. In providing the aforementioned Shredder to Century Box, Plaintiff's employer, Defendant Flom expressly and/or impliedly warranted that the

50. As stated above, the aforesaid Shredder was defective; unreasonably dangerous, unsafe to use, and was not fit for its intended purpose, and caused the Plaintiff injury.

51. Defendant Flom's actions and failures to act breached the warranties described in paragraph 15, above, resulting in Plaintiff's injuries.

### COUNT VII
### (Breach of Duty to Warn –
### Maren Engineering, Balers and Stuff, and Flom Corporation)

52. The plaintiff restates and re-avers paragraphs 1 through 51 above as if specifically set forth herein.

53. The defendants had a duty to provide adequate warnings with the Shredder they designed, manufactured, distributed, sold, and/or installed.

54. The defendants failed to provide a warning or instruction that was reasonably calculated to apprise expected users as to the latent dangers in its normal and intended use.

55. The manner in which the Plaintiff used and/or repaired the subject Shredder was foreseeable by a reasonably experienced manufacturer and/or seller such as the Defendants.

56. As a direct and proximate result of the defendants' failure to provide proper warnings, the plaintiff suffered the injuries described above.

## Count VIII

## (Unfair and Deceptive Trade Practices – G.L. c. 93A §9
## Defendant Maren Engineering)

57. Plaintiff restates and re-avers the above paragraphs as if specifically set forth herein.

58. At all times material hereto the defendant, Maren, was and is a corporation engaged in the conduct of trade and commerce within the meaning of M.G.L.ch. 93A.

59. Maren's actions, in selling or allowing to be sold a defective and unreasonably dangerous Shredder, committed an unfair trade practice, in violation of the Massachusetts Consumer Protection Act, M.G.L. 93A §2.

60. The defendant's actions, in selling or allowing to be sold a defective and dangerous Shredder, constitute a breach of the Implied Warranty of Merchantability, M.G.L. ch. 106 § 2-314, which is a *per se violation* of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A.

61. The unfair and deceptive acts or practices employed by the defendant, Maren, resulting in the plaintiff's loss and injuries, were willful and knowing violations of M.G.L. ch. 93A §§2 and 9.

62. On or about April 14, 2007, plaintiff, Arias, mailed to the defendant, Maren, by certified mail, a written demand for relief pursuant to M.G.L. ch. 93A §9. See, Plaintiff's Complaint, Exhibit "A".

63. Said demand was received by the defendant on or about April 17, 2007. See, Plaintiff's Complaint, Exhibit "A", *supra.*

64. The defendant responded to the demand letter, but made no reasonable offer to the settlement.

65. The defendant's refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated M.G.L. ch. 93A §§ 2 and 9.

66. By the defendant's actions the plaintiff is entitled to damages as set out in M.G.L. ch. 93A §9(3).

### Count IX – Negligence
### (Defendant Leonard Dell Rhodes)

67. Plaintiff reiterates the allegations of the above paragraphs, and incorporates them herein by reference.

68. Defendant LEONARD DELL RHODES is an individual conducting business with a usual location in Red Banks, MS.

69. Defendant Rhodes participated in the installation, assembly, and/or repair of the subject shredder in Massachusetts.

70. Plainitff's accident and injury were a direct and proximate result of the negligence of the Defendant, Dell Rhodes, his agents, servants and/or employees.

### Count IX – Negligence
### (Defendant Barracuda Consulting, Inc.)

71. Plaintiff reiterates the allegations of the above paragraphs, and incorporates them herein by reference.

72. Defendant Barracuda Consulting, Inc. is a corporation with a principal location in Neptune Beach., FL.

73. Defendant Barracuda Consulting, Inc. participated in the installation, assembly, and/or repair of the subject shredder in Massachusetts.

74. Plaintiff's accident and injury were a direct and proximate result of the negligence of the Defendant, Barracuda Consulting, Inc., its agents, servants and/or employees.

WHEREFORE, the plaintiff demands judgment against all Defendants, jointly and severally, for compensatory damages, as well as costs and interest thereupon;

And, further, as against Defendant Maren Engineering, damages pursuant to G.L. c. 93A, including but not limited to treble damages and attorneys' fees, pursuant to G.L. c. 93A §§2 and 9;

Together with such other relief as this Court finds just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ALLEGATIONS SO TRIABLE.

Plaintiff,
Jesus Arias,
By his attorneys,

*/s/ Daniel Malis*
Daniel Malis, Esq., BBO# 315770
MALIS|LAW
30 Second Street
Cambridge, MA  02141
(617) 491-1099
daniel.malis@malislaw.com

/s/ Robert D. Armano
Robert D. Armano, BBO# 564013
LAW OFFICE OF ROBERT D. ARMANO
265 Broadway
Methuen, MA  01844
(978) 683-7704
robarmano@armanolaw.com

/s/ Frederick M. Fairburn
Frederick M. Fairburn, BBO# 554648
LAW OFFICES OF FREDERICK M. FAIRBURN
360 Merrimack Street, Bldg. 9
Lawrence, MA 01843
(978) 682-9707
fairburnlaw@comcast.net

/s/ Robert D. Armano
Robert D. Armano, BBO# 564013
LAW OFFICE OF ROBERT D. ARMANO
265 Broadway
Methuen, MA  01844
(978) 683-7704
robarmano@armanolaw.com

/s/ Frederick M. Fairburn
Frederick M. Fairburn, BBO# 554648
LAW OFFICES OF FREDERICK M. FAIRBURN
360 Merrimack Street, Bldg. 9
Lawrence, MA 01843
(978) 682-9707
fairburnlaw@comcast.net